J-S38027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEVON HILL | : | |
| | : | |
| Appellant | : | No. 1267 EDA 2022 |

Appeal from the Order Entered April 25, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0000968-2020

BEFORE:  KUNSELMAN, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:                **FILED JANUARY 10, 2023**

Devon Hill (Appellant) appeals from the order denying his motion to dismiss on double jeopardy grounds.[1]  After careful review, we affirm.

On February 7, 2020, the Commonwealth charged Appellant with attempted murder, aggravated assault, and other crimes[2] arising from the October 5, 2018, shooting of Abdullah Thomas (Thomas).  **See** Criminal Information, 2/7/20, at 1-2.

---

[1] This appeal is properly before us pursuant to Pa.R.Crim.P. 587(b)(6) ("If the judge denies the motion [to dismiss on double jeopardy grounds,] but does not find it frivolous, the judge shall advise the defendant on the record that the denial is immediately appealable as a collateral order."). **See also** N.T., 4/25/22, at 30 (trial court stating it did "not find this to be a frivolous motion. So [Appellant has] the right to an interlocutory appeal[.])"; Order, 4/25/22 (Appellant's motion "was not frivolous.").

[2] 18 Pa.C.S.A. §§ 901(a), 2702(a), 6105(a)(1), 6106(a)(1), 6108, 907(a), 2701(a), and 2705.

Thomas testified at trial that he had little memory of the incident, and recalled only that his assailant shot him with a black gun. N.T., 2/3/22, at 89-93, 106-11. Thomas escaped to a nearby park and collapsed. *Id.* at 68-79, 89-99. There were no eyewitnesses to the shooting; however, Rhonda Cherry heard a gunshot, saw Thomas collapse in the park, and observed a man wearing a white t-shirt and holding a black object she believed to be a gun, running from the scene. N.T. (Morning Session), 2/4/22, 12-18, 43-45.

Police recovered surveillance footage from several cameras in the area of the shooting. The footage recorded events before and after the shooting. It showed a person wearing a white t-shirt and a gold chain, with a tattoo on his face, walking near Thomas immediately prior to the shooting. N.T. (Afternoon Session), 2/3/22, 118-19; 2/4/22, 21-23. Police officers at the local precinct viewed the footage and identified the man as Appellant. N.T., 2/2/22, at 9-12.

Prior to trial, Appellant filed a motion *in limine* seeking to exclude the officers' identification of him as the man in the footage because the officers had not witnessed the shooting. *Id.* at 2-4. The trial court heard argument and granted the motion. The court ruled the officers were "prohibited from testifying that the person in the video is [Appellant] unless they had personal knowledge of that event, like they were eyewitnesses to the event." *Id.* at 20.

The Commonwealth played the footage at trial. The prosecutor asked the investigating detective, Michael Repici:

> [Q.] Okay, Detective what did you do after that, how did you come to develop [Appellant] in this case as a suspect?
>
> [A.] From the video recovered, which is Double Star, some of the really good video that I've – in my experience in my work, it's a good camera, [Appellant's] face we facial rec'd him and I got a name –

N.T. (Afternoon Session), 2/4/22, at 33.

Appellant objected and moved for a mistrial on the basis that the detective's testimony violated the court's ruling on the motion *in limine*. *Id.* at 33-38. The trial court agreed, stating:

> Okay. So, I am going to grant the defense's motion for a mistrial. After some consideration, I think that the testimony of the witness is clearly barred from my previous Order with regard to the Motion *in Limine*. And that given the additional reference to software technology I think that it would be near impossible to charge the jury in any way that would lead to a fair result, so that this trial could go forward; and, therefore, I'm going to release the jury.

*Id.* at 39. The court directed the parties to submit briefs addressing whether double jeopardy barred retrial. *Id.* at 40.

On April 25, 2022, the trial court conducted a hearing and concluded that double jeopardy did not bar retrial. *See* N.T., 4/25/22, at 26-29. Appellant timely appealed the court's ruling. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents three issues for review:

1. Whether the [trial] court erred in the denial of [Appellant's] Motion to Dismiss for a Violation of the Double Jeopardy Clause

- 3 -

of the 5th and 14th Amendments of the United States Constitution and Article 1, Section 10 of the Pennsylvania Constitution, and Argument Pursuant to Rule 587 by collateral Order dated April 25, 2022?

   2. [Whether] [t]he Commonwealth intentionally prejudiced [Appellant] to the point of an unfair trial and overreached for a conviction by goading [Appellant] into requesting a mistrial[?]

   3. [Whether Appellant] had to motion [for a mistrial which] disposed of a jury which was very likely favorable [to him?]

Appellant's Brief at 6-8 (subparts omitted).[3]

   We begin by recognizing:

   An appeal grounded in double jeopardy raises a question of constitutional law.  This [C]ourt's scope of review in making a determination on a question of law is, as always, plenary.  As with all questions of law, the appellate standard of review is *de novo*.  To the extent that the factual findings of the trial court impact its double jeopardy ruling, we apply a more deferential standard of review to those findings.

   Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court.  The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record.

***Commonwealth v. Sanchez***, 262 A.3d 1283, 1288-89 (Pa. Super. 2021) (citations omitted).

---

[3] Although he raises three issues, Appellant fails to divide his argument as required by Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued.").  ***See*** Appellant's Brief at 6-8; 15-18.  As Appellant's issues are related, we address them together.

Although our review is not "blindly deferential" to the trial court's credibility determinations, we recognize that a "fact-finder who hears witness testimony first-hand is able to take into account not only the words that are spoken and transcribed, but the witnesses' demeanor, tone of voice, mannerisms, and the like." *Commonwealth v. Johnson*, 231 A.3d 807, 818 (Pa. 2020) (citations omitted).

Recently, this Court addressed retrial following the grant of a mistrial due to prosecutorial misconduct. We explained:

> It has long been the case under both state and federal law that a subsequent trial is prohibited when a mistrial resulted from prosecutorial overreaching in the form of intentional misconduct designed to provoke a mistrial. In *Commonwealth v. Smith*, [] 615 A.2d 321 ([Pa.] 1992), our Supreme Court ruled that Pennsylvania's constitution provides more extensive double jeopardy protections than its federal counterpart, holding that a retrial is impermissible "not only when prosecutorial misconduct is intended to provoke the defendant into moving for a mistrial, but also when the conduct of the prosecutor is intentionally undertaken to prejudice the defendant to the point of the denial of a fair trial." *Id*. at 325. Nonetheless, "*Smith* did not create a *per se* bar to retrial in all cases of intentional prosecutorial overreaching. Rather, the *Smith* court primarily was concerned with prosecution tactics, which actually were designed to demean or subvert the truth seeking process." *Commonwealth v. Lambert*, 765 A.2d 306, 327 (Pa. [ ] Super. 2000) (cleaned up). Our High Court in *Johnson* again augmented the prevailing law, ruling that the Pennsylvania constitution's double jeopardy protections also prohibit retrial if the prosecution acted recklessly. Specifically, the *Johnson* Court held:
>
> > Under Article I, Section 10 of the Pennsylvania Constitution, prosecutorial overreaching sufficient to invoke double jeopardy protections includes misconduct which not only deprives the defendant of his right to a fair trial, but is undertaken recklessly, that is, with a conscious disregard for a substantial

- 5 -

risk that such will be the result. This, of course, is in addition to the behavior described in **Smith**, relating to tactics specifically designed to provoke a mistrial or deny the defendant a fair trial.

**Johnson**, **supra** at 826 (citation and emphasis omitted). However, the Court made it clear that … not every instance of error by the Commonwealth requires a finding that retrial is barred:

In reaching our present holding, we do not suggest that all situations involving serious prosecutorial error implicate double jeopardy under the state Charter. To the contrary, we bear in mind the countervailing societal interests ... regarding the need for effective law enforcement, and highlight again that, in accordance with long-established double-jeopardy precepts, retrial is only precluded where there is prosecutorial **overreaching** – which, in turn, implies some sort of conscious act or omission.

**Id**. at 826 (citation omitted, emphasis in original).

The Court explained that prosecutorial overreaching is conduct that reflects a fundamental breakdown in the judicial process where "the prosecutor, as representative of an impartial sovereign, is seeking conviction at the expense of justice." **Id**. While the "overreaching prerequisite" was abandoned in federal jurisprudence, it remains "firmly entrenched" in Pennsylvania's double jeopardy law.

**Commonwealth v. Krista**, 271 A.3d 465, 469–70 (Pa. Super. 2022), **appeal denied**, 2022 WL 4479833 (Pa. Sep. 27, 2022) (some citations omitted, emphasis in original). For prosecutorial misconduct to prohibit retrial on double jeopardy grounds, the prosecutor's misconduct must be "an act of deliberate or reckless overreaching and not an isolated incident." **Id.** at 474.

Appellant argues that prosecutorial conduct bars a retrial because (1) the Commonwealth acted intentionally to prejudice him and deprive him of a fair trial; (2) he was "goaded into requesting a mistrial" when "the jury panel was favorable to" Appellant; and (3) the Commonwealth "blatantly disregard[ed]" the trial court's evidentiary rulings and "disparaged the integrity of the trial court in front of the jury[.]"[4]  Appellant's Brief at 15. Notably, Appellant does not cite to the record or applicable law.  "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review.  The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (citations omitted).

In addition, Appellant equates the Commonwealth's unsuccessful requests to admit evidence with prosecutorial misconduct.  *See* Appellant's Brief at 17-18 ("The Commonwealth intentionally prejudiced [Appellant] … and overreached … [by its] attempt to use a picture of a black gun as only 'demonstrative' evidence, which was denied as prejudicial.").  Appellant impugns the Commonwealth for seeking to admit, **outside the presence of the jury**, a photo of a black gun.  *See id.* at 17; N.T., 2/4/22, at 3-6.  The

_____

[4] Appellant does not expand on his assertion that the Commonwealth "disparaged the integrity of the trial court," and we have not identified anything in the record to support the assertion.

- 7 -

court ruled the photo was inadmissible, and the Commonwealth did not mention the photo again.

Appellant also references his successful objection to "the Commonwealth's opening wherein it stated that the [victim's] interview [with police] implicat[ed]" Appellant. **See** N.T., 2/3/22, at 38; **see also** Appellant's Brief at 17.[5] The record indicates a sidebar discussion occurred immediately after Appellant objected, and the parties agreed to the trial court issuing a jury instruction; in fact, Appellant approved the wording of the instruction. **Id.** at 38-49. Appellant does not cite any legal authority or otherwise explain how this incident constituted prosecutorial misconduct barring retrial. **See** Appellant's Brief at 17-18.

Appellant also claims the jury was "very likely favorable" to him, based on alleged communications that occurred between defense counsel and jurors after the jurors had been dismissed. **Id.** at 18. As the alleged communications are not part of the certified record, they are deemed not to exist for purposes of appeal. **Commonwealth v. Preston**, 904 A.2d 1, 6 (Pa. Super. 2006).

---

[5] Appellant does not cite the record or quote the statement. **See** Appellant's Brief at 17. While Appellant cites the record in his "Relevant Factual History," he references the trial court's remarks but not remarks by the Commonwealth. We remind Appellant it is not this Court's responsibility "to comb through the record seeking the factual underpinnings of Appellant's claim." **Commonwealth v. Mulholland**, 702 A.2d 1027, 1034 n.5 (Pa. Super. 1997).

In denying Appellant's motion to dismiss on double jeopardy grounds, the trial court made findings contrary to Appellant's claims. *See, e.g.,* N.T., 4/25/22 at 27-28 (trial court stating it "find[s … the prosecutor] did not undertake actions with the intentions of provoking a mistrial. … I think these acts were not done with the desire to violate the [c]ourt's ruling."). The court explained:

> I am denying the defense's motion regarding dismissal on the basis of a request for retrial bar. [O]ne of the cases the [c]ourt is relying upon [is] *Commonwealth v. Krista*, [*supra*]. It has an incredibly thorough explanation of the case doctrines around retrial bar and improper prosecutorial conduct. And there are two different legal standards the [c]ourt has evaluated. There's the federal standard, which articulates prosecutorial overreach in the form of intentional misconduct designed to provoke a mistrial. And then there's the Pennsylvania standard, which is established in part in *Smith* and then expanded in *Johnson*, which the Commonwealth cited to, "retrial is impermissible not only when prosecutorial misconduct is intended to provoke the defendant into moving for mistrial, but also when the conduct of the prosecutor is intentionally undertaken to prejudice the defendant to the point of the denial of a fair trial." So those are the legal standards the [c]ourt will be applying in this analysis.
>
> In terms of my findings of fact[,] **I do find that [the prosecutor] did not undertake actions with the intentions of provoking a mistrial.** So from the federal standard, [the prosecutor's] conduct didn't rise to the standard that would require retrial bar under the federal constitutional standard.
>
> … I find [the prosecutor] knew what the detective was going to say. I understand that the question itself did not seem to be eliciting a particular response, but [the prosecutor] did not seem surprised by the information that was revealed by the detective. [The prosecutor] seemed very prepared to argue the admissibility or the fact that it was permissible and [he] continued to undertake that argument for a lengthy period of time once the objection was raised by [the] defense. I think all of that is very informative … and I think that [the prosecutor] was trying to get that information

out there.  I think that [the prosecutor] did know that information was going to be revealed.  And certainly my ruling … makes it obvious that it should not have come in under my ruling and I'll state my rule again from the motion *in limine*: "Commonwealth is precluded from having police officers identify defendant on the video."  And it's clear to me it's a violation of that order.

**However, I think [the prosecutor], in an attempt to be a zealous advocate, believed that he had not violated that ruling and believed there was argument that would permit that to come in.  I think these acts were not done with the desire to violate the [c]ourt's ruling.**  Although, I think he got it very wrong.

So moving back to what this means for retrial bar.  In *Krista*, they spend a lot of time discussing the *Johnson* standard and the concept of what overreaching is.  … [B]ecause [in] *Johnson*, the Supreme Court creates this overreaching prerequisite.  Retrial is only precluded when there's prosecutorial overreaching.  **And overreaching is conduct that reveals a fundamental breakdown in the judicial process where the prosecutor is seeking a conviction at the expense of justice**.  An example in *Johnson*, the prosecution consistently made reference to evidence the trial court had ruled inadmissible and continually defied the trial court's ruling.  And *Krista* then specifically says that an act of deliberate overreaching is not an isolated incident.  Then goes further to explain that not even all intentional, willful misconduct is sufficiently egregious to constitute the overreaching that precludes further prosecution.  I think following this analysis of *Krista*, and then to reemphasize what the Commonwealth cited, retrial remains the general rule and double jeopardy dismissal is the exception.

N.T., 4/25/22, at 26-29 (emphasis and footnote added).

The trial court concluded that while the prosecutor "did overreach, he did not do so in a way that would reach the constitutional violations that require a bar of retrial." *Id.* at 29.  However, the court subsequently issued "clarifications," and regarding its use of the word "overreach," specified:

> In my ruling from the bench, I inarticulately stated that "...[the prosecutor] did overreach..." My statement there was not intended to be a finding under the constitutional standard of the term "overreach." A more appropriate thing to say would be that [the prosecutor] exceeded the boundaries of the [c]ourt's ruling on the Motion *in Limine*.

Statement in *Lieu* of an Opinion, 7/21/22, at 1 (record citation omitted).

The record supports the trial court's conclusion that the prosecutor did not engage in the type of "reckless overreaching" which bars retrial. **See Krista**, 271 A.3d at 473-75. Consistent with the trial court's findings and our review of prevailing law, we are not persuaded by Appellant's argument that the trial court erred in denying his motion to dismiss on double jeopardy grounds.

Order affirmed. Case remanded for retrial. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/10/2023

- 11 -